**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| In re: | * | |
| KARA DIPIETRO | * | Case No.: 23-13304-NVA |
| Debtor. | * | (Chapter 11 – Subchapter V) |

* * * * * * * * * * * * *

**APPLICATION FOR AUTHORITY TO EMPLOY**
**TYDINGS & ROSENBERG LLP AS ATTORNEYS FOR DEBTOR**

Kara DiPietro, Debtor and Debtor-in-Possession (the "Debtor"), files this Application for Authority to Employ Tydings & Rosenberg LLP as Attorneys for the Debtor (the "Application"), and in support thereof state as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 327. This matter is a core proceeding, pursuant to 28 U.S.C. §157(b)(2)(A).

2. Venue lies properly in this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Application is made pursuant to Section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code").

**Background**

4. On May 11, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code, and, pursuant to §§ 1182 and 1184, will continue in the possession of her property and management of her business as a Debtor-in-Possession.

5. The Debtor's filing was preceded by the filings of her solely owned businesses, Holdings Management Company (Case No. 23-11233-NVA) and H.M.C., Inc. (Case No. 23-11234-NVA), which are proceeding as jointly administered cases.

6. The overwhelming majority of the Debtor's liabilities arise out of personal guarantees that the Debtor was required to extend to facilitate the financing of the business' operations.

7. The Debtor serves as the President of Holdings Management Company and manages all aspects of the business' operations.

8. Holdings Management Company is currently the Debtor's sole source of income.

9. The Debtor requires relief from the significant liabilities that stand to fall on her personally as her business reorganizes its finances; with this filing precipitated by several business creditors undertaking aggressive collection action against the Debtor personally, including a foreclosure action against the Debtor's home, garnishments of the Debtor's bank accounts, and attachments and charging orders against the Debtor's ownership interests in her businesses.

**The Need for Legal Services**

10. The Debtor requires legal services to perform her duties as a Debtor and Debtor-in-Possession, to defend any litigation that may be brought against the Debtor in the bankruptcy proceeding, and to file a plan of reorganization. In short, the Debtor requires the full range of traditional legal services unique to a Chapter 11 proceeding.

**The Employment of T&R as Counsel to the Debtors**

11. The Debtor seeks to employ Tydings & Rosenberg, LLP ("T&R") as counsel to represent the Debtor in this case.

12. The Debtor has selected T&R to represent her as a Debtors-in-Possession in this case based on T&R's considerable experience in insolvency and bankruptcy matters. The Debtor has also selected T&R because she believes that T&R is well qualified to represent the Debtor as a Debtor-in-Possession in a Chapter 11 case of this size and complexity.

**The Services to be Rendered**

13. The professional services that T&R is to render include:

a. Providing the Debtor with legal advice with respect to her powers and duties as a Debtor-in-Possession and in the operation of her business and management of her property;

b. Representing the Debtor in defense of proceedings instituted to reclaim property or to obtain relief from the automatic stay under § 362(a) of the Bankruptcy Code;

c. Preparing any necessary applications, answers, orders, reports and other pleadings, and appearing on the Debtor's behalf in proceedings instituted by or against the Debtor;

d. Assisting the Debtor in the preparation of schedules, statements of financial affairs, and any amendments thereto that the Debtor may be required to file in this case;

e. Assisting with evaluation of a possible sale of the Debtor's business and/or assets, if necessary;

f. Assisting the Debtor in the preparation of a plan of reorganization and a disclosure statement, if necessary;

g. Assisting the Debtor with all bankruptcy legal work; and

h. Performing all of the legal services for the Debtor that may be necessary or desirable herein.

**Compensation**

14. The Debtor desires to employ T&R under a general retainer because of the extensive legal services required.

15. Prior to the Petition Date, T&R received a retainer in the amount of $7,500 from the Debtor to be applied towards services rendered and expenses to be incurred during the Chapter 11 proceedings of the Debtor. After application of the retainer to T&R invoices for pre-petition services and the case filing fees, there remains a balance of $5,450 held by T&R.

16. T&R will charge the Debtor on an hourly basis for time expended and on an actual dollar amount for expenses incurred *plus* reimbursement for ordinary out-of-pocket expenses. The hourly rates charged will reflect T&R's regular hourly billing rates for all partners, counsel, associates, paralegals and legal clerks. Currently, hourly rates for counsel and partners in the T&R bankruptcy department range from $450 to $650 per hour, associates' rates range from $300 to $350 per hour, and the hourly rates charged for T&R's paralegal is $175 per hour. These rates are adjusted annually, but were last adjusted on January 1, 2023. The engagement will be handled primarily by Joseph Selba. Mr. Selba's hourly rate is $450, but he has agreed to a discounted rate of $375 given the nature and circumstances of this proceeding.

**No Adverse Interest**

17. T&R represents no interest adverse to the Debtor as a Debtor-in-Possession or to the Debtor's estate in the matters upon which T&R is to be engaged for the Debtor. Except for activities that T&R has engaged in related to the defending creditors' claims prior to the Petition Date, the bankruptcy proceedings for the Debtor's solely owned businesses, and the voluntary filing of this case, T&R has no connection to the Debtor. Additionally, except as detailed in the accompanying Verified Statement of Attorneys to be Employed by Debtor, T&R has no connection with the Debtor's

creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

**Disinterested Person**

18. T&R is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

**Best Interests of the Estate**

19. As set forth above, T&R satisfies all the requirements for employment as attorney for the Debtor under 11 U.S.C. § 327.

20. The employment of T&R as attorneys for the Debtor is in the best interest of the Debtor, her estate, and her creditors.

WHEREFORE, Kara DiPietro respectfully requests that the Court enter an order authorizing the Debtor to employ Tydings & Rosenberg LLP as her counsel under Section 327 of the Bankruptcy Code and granting such other and further relief as is just and equitable.

Dated: May 19, 2023

Kara DiPietro

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on the 22nd day of May 2023, (i) a copy of the foregoing Application for Authority to Employ Tydings & Rosenberg LLP as Attorneys for the Debtor, together with (ii) the Verified Statement of Attorneys to be Employed by Debtor, and (iii) a proposed Order, were served by first class mail, postage prepaid, on the parties on the attached matrix.

/s/ Joseph M. Selba
Joseph M. Selba