**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| In re: | * | |
| KARA ANNE DIPIETRO | * | Case No.: 23-13304-NVA |
| Debtor. | * | (Chapter 7) |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| KARA ANNE DIPIETRO | * | |
| Movant, | * | |
| v. | * | |
| STATE EMPLOYEES CREDIT UNION OF MARYLAND, INCORPORATED | * | |
| | * | |
| Respondent. | | |

* * * * * * * * * * * * *

**DEBTOR'S MOTION TO AVOID JUDICIAL LIEN FOR IMPAIRMENT OF EXEMPTION PURSUANT TO 11 U.S.C. § 522(f)**
**[State Employees Credit Union of Maryland, Incorporated – Judgment Lien, Case No. C-03-CV-23-000473]**

Kara Anne DiPietro (the "Debtor"), by and through her undersigned counsel, pursuant to 11 U.S.C. § 522(f), hereby respectfully requests that this Court enter an Order Avoiding the Judicial Lien held by State Employees Credit Union of Maryland, Incorporated ("SECU"), and in support thereof states:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.

2. Venue of this proceeding and this Motion is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. The statutory predicate for the relief requested is 11 U.S.C. § 522(f).

5. On or about February 6, 2023, a judgment was entered in favor of SECU against the Debtor in the Circuit Court for Baltimore County, Maryland, Case No. C-03-CV-23-000473, in the amount of $ 404,098.96 (the "Judgment Lien").

6. On May 11, 2023 (the "Petition Date"), the Debtor filed the instant case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and the case was subsequently converted to Chapter 7 on March 21, 2024.

7. The Judgment Lien was reflected on Schedule D of the Debtor's bankruptcy petition [Dkt.# 1, at p. 31], and SECU and its attorney of record in the judgment case were duly noticed. SECU's attorney entered their appearance [Dkt.# 22] and SECU filed a proof of claim [Claim 25].

8. As of the Petition Date, the Debtor was the owner of that certain residential real property known as 1836 Landrake Road, Towson, MD 21204 (the "Property"), as reflected on the Debtor's filed Schedule A/B [Dkt.# 1, at p. 17].

9. The Debtor claimed an exemption totaling $27,900.00 against the Property pursuant to § 11-504 of the Courts & Judicial Proceedings Article of the Maryland Code, as reflected on the Debtor's filed Schedule C [Dkt.# 1, at p. 24].

10. In senior priority to the Judgment Lien, the following lienholders maintain liens against the Property:

a. Pentagon Federal C.U. Nationstar Mortgage LLC [Claim 7], in the approximate amount of $373,916.24 as of the Petition Date, by way of a Purchase Money Deed of Trust dated July 12, 2017, and recorded among the Land Records for Baltimore County at Book 39373, Page 166 (the "First Mortgage").

b. Newtek Small Business Finance, LLC [Claim 24], in the approximate amount of $1,042,207.11 as of the Petition Date, by way of an Indemnity Deed of Trust dated July 3, 2018, and recorded among the Land Records for Baltimore County at Book 40454, Page 279 (the "Newtek IDOT").

c. Howard County Economic Development Authority [Claim 3], in the approximate amount of $586,236.86 as of the Petition Date, by way of an Indemnity Deed of Trust dated November 19, 2021, and recorded among the Land Records for Baltimore County at Book 46698, Page 79 (the "Howard County IDOT").

11. Pursuant to Section 522(f) of the Bankruptcy Code, a judicial lien on property of a debtor may be avoided to the extent that such lien impairs the exemptions to which the debtor would have otherwise been entitled.

12. Applying the formula set forth in subsection 522(f)(2), the impairment amount is approximately $1,900,000 [the amount by which the sum of the Judgment Lien ($404,098.96), the First Mortgage ($373,916.24), the Newtek IDOT ($1,042,207.11), the Howard County IDOT ($586,236.86) and the amount of the exemption ($27,900.00), exceeds the value of debtor's interest in the Property in the absence of any liens ($460,000.00)].

13. Accordingly, since the impairment amount is greater than the judgment amount, the Judgment Lien may be avoided in total.

14. Pursuant to Local Bankruptcy Rule 9013-2, the Debtor will not be filing a memorandum in support hereof, but will rely solely upon the Motion.

**WHEREFORE,** the Debtor, Kara Anne DiPietro, respectfully requests that the Judgment Lien of by State Employees Credit Union of Maryland, Incorporated be avoided in total; and such other and further relief as is just and equitable.

Dated: October 14, 2026

/s/ Joseph Selba

Joseph Selba, Bar No. 29181
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland 21202
(410) 752-9753
jselba@tydings.com
*Counsel for Debtor*

6664135.1